nute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1806 | **DATE** | 10/25/2004 |
| **CASE TITLE** | MIGDALIA LEBRON vs. PIZZA HUT OF AMERICA, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    Enter Memorandum Opinion And Order. Defendant's motion for summary judgment is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | OCT 2 6 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 13 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | LG | courtroom deputy's initials | 2004 OCT 25 PM 3:03 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MIGDALIA LEBRON,                )
                                )
         Plaintiff,             )
                                )
     vs.                        )   No. 03 C 1806
                                )
PIZZA HUT OF AMERICA, INC.,     )
                                )
         Defendant.             )

**DOCKETED**
OCT 2 6 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Migdalia Lebron brought this personal injury action against defendant Pizza Hut of America for injuries she sustained in a restaurant owned by defendant, when the door to a restroom stall fell on her. Defendant now moves for summary judgment, arguing that it is entitled to judgment as a matter of law because no evidence establishes that it knew or should have known about the broken door. For the following reasons, defendant's motion is granted.

## BACKGROUND

When considering a motion for summary judgment, we usually consider the facts in the light most favorable to the nonmovant. However, in this case plaintiff failed to follow the rules and did not submit facts in the proper form. Specifically, she failed to follow Local Rule 56.1(b)(3) by neglecting to file a response to defendant's statement of material facts. Plaintiff's response to defendant's motion includes only a statement of facts and an argument. Her statement of facts is not divided into numbered paragraphs and is not responsive to defendant's statement filed pursuant to Local Rule 56.1(a).[1] As a consequence of plaintiff's deficient filing, Local Rule 56.1(b)(3)(B) requires that we find that plaintiff admits the material

---

[1] Many courts have discussed the purpose of Local Rule 56.1, and the importance of compliance. Rather than echo those opinions, we direct plaintiff's counsel first to the rule itself, and then to these illustrative decisions: Smith v. Lamz, 321 F.3d 680 (7th Cir. 2003) and Malec v. Sanford, 191 F.R.D. 581 (N.D. Ill. 2000).

facts in defendant's statement. Brasic v. Heinemann's, 121 F.3d 281, 284 (7th Cir. 1997). By failing to contest any facts, plaintiff has not left us the option to find that defendant's facts are in dispute. Further, plaintiff's statement of facts are, for all material purposes, identical to the facts submitted by defendant.

The Seventh Circuit Court of Appeals has frequently upheld decisions that enter summary judgment when the nonmovant fails to submit a factual statement in the form prescribed by the rules. *See* Waldridge v. American Hoechst Corp., 24 F.3d 918, 922 (7th Cir. 1994) (collecting cases). However, we have discretion over the manner in which we apply Local Rule 56.1. Metro. Life Ins. Co. v. Johnson, 297 F.3d 558, 562 (7th Cir. 2002). We will not grant summary judgment based on plaintiff's failure to comply with Local Rule 56.1. Summary judgment would be inappropriate if the facts presented by defendant are insufficient to support a judgment as a matter of law in its favor. For the reasons discussed above, the following facts are taken from defendant's 56.1(a)(3) statement. Plaintiff, along with her mother and two daughters, went to a Pizza Hut in Norridge, Illinois, at about 4 p.m. on September 30, 2000. At some time during her stay, plaintiff went to the restroom. In the restroom were three separate stalls, divided by privacy walls. Plaintiff pushed the door open to one of the stalls without noticing anything abnormal about the door. She closed and latched without incident. As she was leaving the stall, plaintiff unlatched the door and at the moment when plaintiff attempted to open the door, it came off its top hinge and fell on her, landing on her right shoulder. Due to the impact of the door, plaintiff fell to the floor and landed on her knees. No one else entered or exited the restroom during this time. Plaintiff then left the restroom and immediately notified a Pizza Hut employee about the accident. The manager, Abe Riveria, went to inspect the door and discovered that the pin that holds the door to the top hinge was missing. Rivera and other Pizza Hut employees searched for the pin but never

found it. Later that day a new pin was purchased and installed.

During the day two Pizza Hut employees were in the restroom. One employee was responsible for cleaning the restroom and ensuring that it was in working order. The other employee used the restroom several times. Neither noticed any abnormality in the door. Riveria knew of no problems with the door prior to plaintiff's accident.

Plaintiff's right shoulder fully healed several weeks after the accident. But her right knee, which absorbed the impact of her fall, required surgery. Plaintiff filed a complaint on May 7, 2002, in the Circuit Court of Cook County. Defendant later removed the case to federal court.

## DISCUSSION

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed R.Civ.P. 56(c). Our only task is to "decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." Waldridge, 24 F.3d at 920. When the evidence in the record shows that no such material dispute exists, we will grant a summary judgment motion. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

Plaintiff contends that defendant's negligence caused her injuries. We thus turn to negligence principles. As a business establishment open to the public, defendant owes its customers a high duty of care. But that duty is not absolute. Defendant is not liable for every defect on its premises, regardless of the circumstances. *See generally* 740 ILCS 130/1-5 (Premise Liability Act). Defendant, as a business open to the public, "owes the public 'the duty of exercising reasonable care in maintaining the premises in a reasonably safe condition.'" Lane v. Hardee's Food Sys., 184 F.3d 705, 707 (7th Cir. 1999) (quoting Donoho v. O'Connell's

Inc., 13 Ill.2d 113, 148 N.E.2d 434 (Ill. 1958)). Defendant is liable for plaintiff's injuries if it "(1) knows or should know of the condition and that it presents an unreasonable risk of harm to such invitees; (2) should expect that invitees will not discover the danger or protect themselves against it; and (3) fails to exercise reasonable care to protect invitees against the danger." Lewis E. v. Spagnolo, 186 Ill.2d 198, 710 N.E.2d 798, 815, 238 Ill. Dec. 1 (Ill. 1999) (citing Restatement (Second) of Torts § 343 (1965)); *see also* Cooper v. Carl A. Nelson & Co., 211 F.3d 1008, 1015-17 (7th Cir. 2000). The crucial issue here is whether defendant knew or should have known of the defect, which was, according to the parties, the missing pin. Defendant will be liable if it actually knew that the pin was missing or if it should have known that the pin was missing because, if it had notice of the defect, it then had a duty to fix it or take reasonable precautions to protect its customers from harm.

There is no evidence in the record that defendant actually knew the pin was missing. Defendant's liability thus depends on if it should have known of the missing pin. Plaintiff argues that defendant could have discovered that the pin was missing if it had exercised reasonable care. Thus, she contends that defendant had constructive notice of the defect. Nothing in the record suggests that defendant knew or should have known about the missing pin. Both argue that Chapman v. Foggy, 59 Ill. App. 3d 552, 375 N.E.2d 865, 16 Ill. Dec. 758 (Ill. App. 5th Dist. 1978) supports their position. However, both cannot be correct. Defendant's interpretation of Chapman is more accurate. That case supports the view that defendant lacked notice, both actual and constructive, of the missing pin. In Chapman, the defendant owned a roller skating rink and was sued by the plaintiff, who was a patron at the rink. The plaintiff was injured when a large splinter from a wooden railing buried itself into her arm as she was skating next to the railing. The defendant was liable for that injury because he knew that the railing was splintering and was also aware of the possibility of injury to patrons.

There was evidence that splinters had been sticking out of the rail for some time. The court also observed that the splinters were "relatively obvious to one examining the railing." Chapman, 375 N.E.2d at 868-69. Thus, the defendant was negligent due to the length of time that the railing existed in an obviously dangerous condition. *See also*, Smolek v. K.W. Landscaping, 266 Ill. App. 3d 226, 639 N.E.2d 974, 977, 203 Ill. Dec. 415 (Ill. App. 2d Dist. 1994) (stating that plaintiff who relies on constructive notice must prove that the dangerous condition existed for sufficient time or was so obvious that it could have been discovered through the exercise of reasonable care). Here defendant is not negligent because the defect in the bathroom door was not obvious and there is no indication that it existed for a sufficient period of time so as to provide constructive notice.

As to the obviousness of the defect, none of defendant's employees noticed any abnormality in the door's appearance or in its functionality. Julia Beltran, who had maintenance duties at the Pizza Hut, cleaned the bathroom at 10 a.m. and then checked it at intervals during the day. In her affidavit she recalled that the door operated normally. Another employee, Vukosava Popovich, stated that she used the restroom several times during the day and did not notice anything wrong with the door's operation. Other patrons would have presumably used the bathroom during the day, yet no one else reported problems with the door. And significantly, plaintiff stated that the door operated properly when she opened it and that its appearance was "perfectly normal." *See* Plaintiff's Dep., at 25-27. She also failed to notice anything out of the ordinary during the several minutes when she was in the stall. *Id.* at 29. In emphasizing the fact that plaintiff failed to notice anything wrong with the door when she opened it, defendant does not suggest that plaintiff had a duty to check the hinge. Rather, defendant supports its position that it lacked notice by pointing out that plaintiff found nothing abnormal in the door's operation just minutes before the accident.

From these facts, the missing pin, and thus the defect in the door, was neither obvious nor conspicuous.

Next, there is no evidence suggesting that the defect lasted for sufficient time to impute constructive notice. In a constructive notice case, the element of time is a material factor. Plaintiff must establish that the pin was missing for enough time so that defendant should have known about it. *See* Tomczak v. Planetsphere, Inc., 315 Ill. App. 3d 1033, 735 N.E.2d 662, 668, 249 Ill. Dec. 58 (Ill. App. 1st Dist. 2000). As we just mentioned, defendant's employees either inspected or used the bathroom throughout the day and found no abnormalities. Further, plaintiff noticed "nothing unusual" just moments before the door fell. Plaintiff argues that the defect must have existed for a sufficient time period because the pin was not found. Plaintiff's conclusion is a *non sequitur*. The failure to find the pin does not suggest that it was missing from the hinge long enough so that defendant had notice of its absence. Rather than finding roots in concrete facts, plaintiff's attempt to create a factual dispute is based on conjecture and speculation, and she creates at most a "metaphysical doubt" regarding material facts. Such doubt will not alone preclude a summary judgment motion. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

So how could it have happened? We are led to believe that the hinge was an ordinary hinge, with a pin through overlappng knuckles. Possibly the head came off the pin and the pin slipped through. But that seems highly improbable since neither the pin nor its head were found and neither maintenance employees nor patrons reported seeing any pin on the floor. The most reasonable inference is that the pin was deliberately removed. But by whom and when? We do not know by whom and can only speculate who that might have been. Nor do we know when. The door could have remained aligned by gravity for a considerable period, only to be pulled out of alignment by some lateral pressure when plaintiff sought to open it.

Or the pin could have been removed by the person using the stall immediately prior to plaintiff's use. Any conclusions, however, would be speculation. Unfortunately for plaintiff, she cannot establish liability by speculation.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is granted.

*James B. Moran*
JAMES B. MORAN
Senior Judge, U. S. District Court

Oct 25, 2004.